United States District Court

Eastern District of Louisiana

Opt-In Mktg Svc Inc

v.                                          CIVIL ACTION NO. 2:02-cv-01533 R (4)

Spews Inc

    The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

    Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

    (1) A list of all parties still remaining in this action;

    (2) Copies of all pleadings, including answers, filed by those parties in state court; and

    (3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, May 20, 2002.

                                      By Direction of the Court

                                      LORETTA G. WHYTE, CLERK

```
                                    FILED
                              U.S. DISTRICT COURT
                             EASTERN DISTRICT OF LA

                              2002 MAY 20  AM 8:09

                               LORETTA G. WHYTE
                                    CLERK
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OPT-IN MARKETING SERVICES, INC. | * | Case No.: **02-1533** |
| | * | |
| | * | **NOTICE OF REMOVAL** |
| Plaintiff, | * | |
| | * | **SECT. R MAG. 4** |
| v. | * | |
| | * | |
| SPEWS, INC., SPAMHAUS.ORG, | * | |
| SPAMCOP.ORG, | * | |
| QWEST COMMUNICATIONS, INC., | * | |
| COVISTA, INC., AND | * | |
| STEVE LINFORD | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

Pursuant to 28 U.S.C. § 1441, defendant Qwest Communications Corporation, improperly identified as Quest Communications, Inc. in the state court petition , (hereinafter "Qwest"), hereby gives notice that Case No. 2002-07440, *Opt-In Marketing Services, Inc v. Spews, Inc., et al.*, is hereby removed to the United States District Court for the Eastern District of Louisiana from the Civil District Court, Parish of Orleans, State of Louisiana, where said case was originally filed and is currently pending. A copy of all process, pleadings and orders received by Qwest therein is filed simultaneously herewith and attached hereto as Exhibit "A".

```
                                              Fee  50.00
                                              Process_____
                                           X  Dktd  _____
                                              CtRmDep_____
                                              Doc. No. I
```

## GROUNDS FOR REMOVAL

### Substantive Bases for Removal

1.0.    Defendants base this Notice of Removal on 28 U.S.C. § 1441(a) which provides that defendants may remove any civil action filed in a state court of which the district courts of the United States have original jurisdiction. In addition, defendants base this Notice of Removal on 28 U.S.C. § 1441(c), which provides that an entire case shall be removed when a separate and independent claim, which is removable, is joined with one or more otherwise non-removable claims. Original jurisdiction in this case exists by reason of 28 U.S.C. § 1332, and also by reason of 28 U.S.C. § 1367.

### Diversity of Citizenship

1.0.    This Court has jurisdiction over this case on the ground of the diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332.

1.1.    Plaintiff Opt-In Marketing Services, Inc. is a Louisiana Corporation, domiciled in Slidell, Louisiana, with its principal place of business in Orleans Parish.

1.2.    Defendant Qwest is a Delaware corporation with its principal place of business in Denver, Colorado. Defendant Spews, Inc. is a foreign corporation whose principal place of business is not in the state of Louisiana. Defendant Spamhaus.Org. is a foreign corporation whose principal place of business is not in Louisiana. Defendant SpamCop.Org is a foreign corporation whose principal place of business is not in Louisiana. Defendant CoVista, Inc. is a foreign corporation with its principal place of business in Little Falls, New Jersey. Defendant Steve Linford is a person of the full age of majority domiciled in the state of Idaho.

2

1.3. Complete diversity of citizenship exists between these parties.

1.4. Plaintiff asserts that it has been harmed "in excess of One Million Dollars," and seeks treble damages "pursuant to R.S. 51:137." The amount in controversy is thus in excess of $75,000, exclusive of interest and costs.

1.5 The records of the Civil District Court for the Parish of Orleans do not reflect that any defendant has been served. Thus, no other defendant need join in this notice of removal.

**Separate and Independent Claims and Supplemental Jurisdiction**

2.1. If there are any other non-removable claims presented in this case (which is denied), the claims described in paragraphs 1.0 through 1.5 are separate and independent from such non-removable claims, if any, and have been joined with such other claims. Pursuant to the provisions of 28 U.S.C. § 1441(c), the entire case is properly removable.

2.2. In the alternative, all the claims in this case would be within the original jurisdiction of this Court if the claims described in paragraph 1.0 through 1.5 had been filed in this Court, in that such other claims, if any, would be within the supplemental jurisdiction of the Court and in that they are properly pendent to the claims described in paragraphs 1.0 through 1.5.

**Procedural Basis for Removal**

3.0. The procedural requirements of 28 U.S.C. § 1446 have been met. This Notice of Removal is timely under 28 U.S.C. § 1446(b), having been filed well within thirty (30) days of the date on which the first notice was received by any defendant.

3.1. This action is not an action described in 28 U.S.C. § 1445.

Dated: May 20, 2002                    Respectfully submitted,

                                       CARVER, DARDEN, KORETZKY, TESSIER,
                                       FINN, BLOSSMAN & AREAUX, L.L.C.

                                       _____
                                       JOHN ANTHONY DUNLAP, T.A. (# 18190)
                                       LUCAS T. REGNIER (# 27862)
                                       1100 Poydras Street, Suite 2700
                                       New Orleans, Louisiana 70163-2700
                                       Telephone: (504) 585-3800
                                       Facsimile: (504) 585-3801/3891

                                       *Attorneys for defendant*
                                       *Qwest Communications Corporation*


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon all counsel of record by hand, via facsimile and by United States Mail, postage prepaid, on this ___20th___ day of May, 2002.

                                       _____
                                       JOHN ANTHONY DUNLAP

STATE OF LOUISIANA
CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

No. 20 02-07440          Section: 15-B                          Docket 5

OPT-IN MERKETING SERVICES, INC.    ]        _____ ENTERED _____
                                   ]        PAPER           RETURN
                vs.                ]
                                   ]        ____/_____/_____/_____
SPEWS, INC. ET AL                  ]        SERIAL NO. DEPUTY  PARISH


R E S T R A I N I N G   O R D E R


TO: QUEST COMMUNICATIONS, INC.
THROUGH: LOUISIANA LONG ARM STATUTE

GREETING: WHEREAS, it has been represented unto us in our said District Court on the part of OPT-IN MERKETING SERVICES, INC. in a Petition lately exhibited against you touching certain matters and things therein set forth; and, Whereas, the Honorable ROSEMARY LEDET, a Judge of our said Court, upon due consideration thereof, has made and allowed an order in said cause, whereby you are required to show cause on the 20 day of May 2002 at 9:00 o'clock AM why an injunction should not issue as prayed for in said Petition; And, Whereas, the said Judge has granted and allowed an order restraining you QUEST COMMUNICATIONS, INC. immediately and forthwith and during the pendency of said motion for an injunction to the full extent and effect as prayed for in said Petition.

  Now, therefore, in consideration of the premises and of the allegations in said Petition contained, you, the said QUEST COMMUNICATIONS, INC., your agents, attorneys, and servants and each of you are hereby commanded and strictly enjoined under the penalty of law, that you and each of you absolutely refrain and desist from

    RESTRICTING, LIMITING, DISCONNECTING, BLACKLISTING, FROM ANY CONNECTIONS TO
    THE INTERNET.

And that you the said QUEST COMMUNICATIONS, INC. your agents, attorneys, and servants and each of you remain so inhibited and restrained until the further order of our said Court in the premises.

  Witness the Honorables Richard J. Ganucheau, Yada T. Magee, Robin M. Giarrusso, Michael G Bagneris, Carolyn Gill-Jefferson, Ethel S. Julien, Nadine M. Ramsey, Roland L. Belsome, Lloyd J. Medley, Jr., Rosemary Ledet, C. Hunter King, Piper D. Griffin, Kern A. Reese, and Madeleine M. Landrieu, Judges of the said Court of the City of New Orleans, LA, this 13 day of May in the year of our Lord, 2002.

                                            _____
                                            Deputy Clerk.
                                            DALE N. ATKINS, CLERK OF COURT

Issued at the request of:
Hoffstadt, Jack Earl, Esq.
Bar No. 6900

EXHIBIT "A"

ATTORNEY'S NAME: Hoffstadt, Jack Earl, Esq.   06900
AND ADDRESS:     210 Shaunell Drive
                 Mandeville LA        70448

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 20 02-07440                                    SECTION: 15-B

OPT-IN MERKETING SERVICES, INC.
vs.
SPEWS, INC. ET AL

CITATION

TO:      QUEST COMMUNICATION, INC.
THROUGH: LOUISIANA LONG ARM STATUTE

YOU HAVE BEEN SUED: you are ordered to show cause on the 20th day of May, 2002 at 9:00 a.m., as prescribed in the annexed copy of pet., as prayed for & according to law.

You must either comply with the demand contained in the petition FOR DAMAGES, TRO AND INJUNCTIVE RELIEF AND RULE TO SHOW CAUSE, a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within ~~fifteen (15)~~ (30) days after the service hereof under penalty of default.

************************** ADDITIONAL INFORMATION **************************
* Legal assistance is advisable. If you want a lawyer and can't find one, you
* may call the New Orleans Lawyer Referral Service at 561-8828. This Referral
* Service operates in conjunction with the New Orleans Bar Association. If you
* qualify, you may be entitled to free legal assistance through the New Orleans
* Legal Assistance Corp.; you may call 529-1000 for more information.
* COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.
*****************************************************************************

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of The Civil District Court for the Parish of Orleans, State of LA May 13, 2002.

Clerk's Office, Room 402, Civil Courts Building        DALE N. ATKINS, Clerk of
421 Loyola Avenue                                      The Civil District Court
New Orleans, LA                                        for the Parish of Orleans
                                                       State of LA
                                                       by _____
                                                          Deputy Clerk

------------------------------------------------------------
SHERIFF'S RETURN:
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ___ day of ___ served a copy of the w/i petition FOR DAMAGES, TRO AND INJUNCTIVE RELIEF AND RULE TO SHOW CAUSE On QUEST COMMUNICATION, INC. in person through LOUISIANA LONG ARM STATUTE | On this ___ day of ___ served a copy of the w/i petition FOR DAMAGES, TRO AND INJUNCTIVE RELIEF AND RULE TO SHOW CAUSE On QUEST COMMUNICATION, INC. through LOUISIANA LONG ARM STATUTE by leaving same at the dwellinghouse, or usual place of abode, In the hands of ___ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said QUEST COMMUNICATION, INC. being absent from the domicile at time of said service. |
| Returned same day | Returned same day |
| No. ___ | No. ___ |
| Deputy Sheriff of ___ | Deputy Sheriff of ___ |
| Mileage: $___ | |

ENTERED
PAPER          RETURN
_____/_____/_____
SERIAL NO.  DEPUTY  PARISH

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2002-7440                              DIVISION

OPT-IN MARKETING SERVICES, INC.

SECTION 15

VERSUS

SPEWS, INC., SPAMHAUS. ORG, SPAM COP. ORG, QUEST
COMMUNICATIONS, INC., COVISTA, INC., AND STEVE LINFORD

FILED: _____        _____
                              DEPUTY CLERK

PETITION FOR DAMAGES, TEMPORARY RESTRAINING ORDER AND
INJUNCTIVE RELIEF

The petition of, OPT-IN MARKETING SERVICES, INC. a corporation organized under the laws of the State of Louisiana, domiciled in the Parish of St. Tammany with its principal place of business in the Parish of Orleans, respectfully represents:

1.

Made Defendants herein are:

1. SPEWS, INC. is believed to be a foreign corporation hereinafter identified as "SPEWS";

2. SPAMHAUS.ORG, is believed to be a foreign corporation hereinafter identified as "SPAMHAUS";

3. SPAM COP.ORG. is believed to be a foreign corporation hereinafter identified as "SPAM COP";

4. QUEST COMMUNICATIONS, INC., believed to be a foreign which is qualified to do and doing business in the State of Louisiana, Parish of Orleans, hereinafter identified as "QUEST";

5. COVISTA, INC. a foreign corporation which is qualified to do and doing business in the State of Louisiana, Parish of Orleans, hereinafter identified as "COVISTA";

6. STEVE LINFORD, of the full age of majority and domiciled in the State of Idaho;

2.

Petitioner OPT-IN MARKETING SERVICES, INC. is an Internet advertiser and Internet Host which provides information and services to the public. The petitioner strictly conforms to all existing Federal and State laws in that it notifies and allows the public to opt out of receiving any further contact from the petitioner.

3.

That the defendant's COVISTA, and QUEST are Internet Service Providers (ISP) that provide access to the general public. The public pays for this service in order to have access to the Internet. The petitioner OPT-IN provides services to advertisers using the ISP connections of the defendants COVISTA, and QUEST. These connections are open and available to the public.

4.

That on April 30, 2002, the defendants COVISTA and QUEST interfered with the business and trade of the petitioner by shutting down one of its access points which is based at its place of business in Orleans Parish solely because of false and malicious allegations by the defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP that the petitioner was using the Internet Service Provider's sites improperly. That the defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP are organizations that without legal authority have harmed the petitioner by using illegal and unregulated powers, coercion and threats to force ISP's to deny it access to the Internet. These defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP use offshore addresses, fake names, hidden addresses, and locations to hide their illegal and improper activities from legal process and by their continuing activities have violated the rights of the public and the Petitioner OPT-IN to free and ready access on the Internet. That further on May 2, 2002, May 3, 2002 the defendants COVISTA and QUEST threatened to shut down the remaining access points of the petitioner because of the continuing false and malicious allegations made by the defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP.

5.

That the defendants COVISTA, and QUEST are threatening to harm the petitioner by cutting off its access to internet service because of the communication of threats of being blacklisted by the defendants SPEWS, SPAMHAUS and SPAM COP. That other parties do the same type of advertising that is done by the petitioner, but are not "blacklisted by the defendants SPEWS, SPAMHAUS and SPAM COP. That the continuing actions of the defendants SPEWS, SPAMHAUS and SPAM COP will prevent the petitioner from reaching its clients base, and disenfranchise the public from having free and open access to the Internet and all services provided.

6.

That defendants SPEWS, SPAMHAUS and SPAM COP are sinister entities which allegedly are non profit corporations who patrol the Internet for "SPAM." These defendants act extrajudicially through threats and coercion to destroy anyone who does not follow their illegal guidelines. That these defendants allege that anyone who uses the Internet without following their guidelines is acting illegally despite the fact that the petitioner has violated no Federal or state law. That these defendants SPEWS, SPAMHAUS and SPAM COP hide their identity through a series of fictitious corporations and addresses. That these defendants SPEWS, SPAMHAUS and SPAM COP hide their identities to avoid having to respond in a court of law or of public opinion. Because they refuse to reveal their true identity it is not know if they are legal entities, or just one person typing away in a trailer. The power they have, based on fear by the ISP's that they may be injured by being "blacklisted" is real though even if their existence is murky.

That these defendants SPEWS, SPAMHAUS and SPAM COP have established a standard for SPAM that is not in keeping with either the established definition of SPAM, or in keeping with the Law of the State of Louisiana, or any federal Statute.

That these defendants have threatened and continue to threaten the petitioner that they will have it blacklisted with the ISP's if they do not conform with the artificial and illegal standards they have enacted.

7.

That the defendant STEVE LINFORD has control over and supervises the actions of the defendant SPAMHAUS and has orchestrated its attacks and the extortion of those who he deems not to operate within his guidelines. That the defendant LINFORD has set up a series of addresses and deceptions to hide the location of the entity SPAMHAUS claiming at this point that it is located in the United Kingdom, but refuses to provide a correct address.

8.

That the defendants QUEST, SPEWS, SPAMHAUS, SPAM COP, and STEVE LINFORD have engaged in a conspiracy wherein anyone who does not capitulate to SPEWS, SPAMHAUS, SPAM COP is threatened or is "blacklisted" depriving the petitioner of access to the defendants, COVISTA, and QUEST.

9.

That the actions of the defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP violate the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405, et. Seq. in that they have engaged in unfair methods of competition in the State of Louisiana and unfair and deceptive practices.

10.

In particular the defendants have by threatening to have the petitioners access to the internet disconnected by forcing other business entities to disconnect, or block the transmissions of the petitioner. That these threats are not because of a failure of the petitioner to follow the law, but based its alleged violations of the artificial and illegal standards set by SPEWS, SPAMHAUS, SPAM COP.

11.

That the actions of the defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP violate the Louisiana Antitrust Act, La. R.S. 51:122. et seq. in that the actions of the defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP restrain trade and commerce in the State of Louisiana. In particular because the defendant SPEWS, INC., SPAMHAUS. ORG, SPAM COP allow other providers from having unfettered to the Internet, while at the same time seek to prevent the

petitioner from the same access which actions effectively monopolize and/or attempts to monopolize access to the Internet in the State of Louisiana and in particular the Parish of Orleans and by said action prevents fair competition. That the defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP by threatening to, and blacklisting the petitioner deprive the petitioner and the public from having access to each other, and are driving the petitioner out of business. This leaves the defendant ISP's and those involved in a conspiracy with the defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP as the only access the public has to receive advertising and hosting of Internet sites. The defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP by their actions have the ability to control and to limit access to the market to those whom they favor which affects public commerce.

12.

The defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP have engaged in and continued to engage in the practice of entering into contracts, agreements, conspiracies in restraint of trade in the State of Louisiana and also of monopolization, attempts to monopolize and/or conspiracies to monopolize trade or commerce in the State of Louisiana, all in violation of the antitrust laws of the State of Louisiana, which violations have resulted in injury to the public and to plaintiff in the conduct of its business.

13.

Defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP have acted unfairly to harm the defendant by representing to the public that it was SPAMING. Defendants SPEWS, SPAMHAUS, SPAM COP, have also engaged in sham and false representations to other ISP's that the petitioner is acting illegally. The petitioner alleges that due to these practices by defendants SPEWS, INC., SPAMHAUS. ORG, SPAM COP that it has been effectively excluded from the marketplace and it has suffered severe economic injury to its business which to date is in excess of One Million Dollars. The plaintiff seeks treble damages for all damages pursuant to R.S. 51:137.

14.

Petitioner, OPT-IN, is therefore entitled to damages for the items set forth above in such amounts as are reasonable in the premises, which damages are not less than Fifty Thousand and No/100 ($50,000.00) Dollars. The petitioner does not request a jury trial at this time, but reserves to right to request one at a later date.

15.

That the actions of the defendants, SPEWS, SPAMHAUS, SPAM COP, COVISTA, and QUEST threaten the continued existence and vitality of the petitioner in that if its access to the Internet is disrupted it will lose its entire customer base. Before a hearing can be had herein, the defendants may or will take action by cutting off or interrupting the petitioner access to the Internet causing Plaintiff irreparable injury and harm.

16.

Plaintiff seeks and is entitled to the issuance of a temporary restraining order, without bond, directed unto Defendants SPEWS, SPAMHAUS, SPAM COP, COVISTA, and QUEST, restraining, enjoining and prohibiting the Defendants SPEWS, SPAMHAUS, SPAM COP, COVISTA, and QUEST from restricting, limiting, disconnecting, blacklisting, from any connections to the Internet until further order of this Court.

17.

Defendants SPEWS, SPAMHAUS, SPAM COP, COVISTA, and QUEST should be ordered to show cause why this Court should not issue a preliminary injunction directed to Defendants SPEWS, SPAMHAUS, SPAM COP, COVISTA, and QUEST restraining, enjoining and prohibiting Defendants SPEWS, SPAMHAUS, SPAM COP, COVISTA, and QUEST from restricting, limiting, disconnecting, blacklisting, from any connections to the Internet.

18.

In due course, a final injunction should issue herein in the form and substance of the temporary restraining order and preliminary injunction.

19.

Plaintiff reserves the right to bring other actions to protect its interest or to

to Defendants QUEST COMMUNICATIONS, INC. COVISTA, INC., SPEWS, INC., SPAMHAUS.ORG, and SPAM COP.ORG, restraining, enjoining and prohibiting them from restricting, limiting, disconnecting, blacklisting, from any connections to the Internet.

9. That this Court issue a rule nisi, directed to Defendants QUEST COMMUNICATIONS, INC. COVISTA, INC., SPEWS, INC., SPAMHAUS.ORG, and SPAM COP.ORG to show cause why a preliminary injunction should not issue, directed to the Defendants QUEST COMMUNICATIONS, INC. COVISTA, INC., SPEWS, INC., SPAMHAUS.ORG, and SPAM COP.ORG. restraining, enjoining and prohibiting them from restricting, limiting, disconnecting, blacklisting, from any connections to the Internet.

RESPECTFULLY SUBMITTED:

JACK HOFFSTADT (6900)
P.O. BOX 118
Madisonville, La. 70447
(985) 845-8312

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

    BEFORE ME, after being duly sworn, personally cam and appeared:

MARK TURNER

who did depose and say that:

    1. That he is the President of OPT-IN MARKETING SERVICES, INC..

    2. That the allegations set forth in the attached Petition for Damages, Request for Temporary Restraining Order, and Permanent Injunction are true and correct to the best of his information, knowledge and belief.

                                       MARK TURNER as President
                                       Of Opt-In Marketing Services,
                                       Inc.

SWORN TO AND SUBSCRIBED
BEFORE ME THIS _____ DAY OF
_____, 2002.

_____
NOTARY PUBLIC

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO:                                                                                    DIVISION:

OPT-IN MARKETING SERVICES, INC.

VERSUS

SPEWS, INC., SPAMHAUS.ORG, SPAM COP, QUEST COMMUNICATIONS, COVISTA, INC., AND STEVE LINFORD

FILED:_____    _____
                                                            DEPUTY CLERK

## ORDER

THE ABOVE PETITION AND AFFIDAVIT CONSIDERED:

IT IS ORDERED that a temporary restraining order issue herein, directed to the defendants QUEST COMMUNICATIONS, INC. COVISTA, INC., SPEWS, INC., SPAMHAUS.ORG, and SPAM COP.ORG, restraining, enjoining and prohibiting them from restricting, limiting, disconnecting, blacklisting, from any connections to the Internet.

IT IS FURTHER ORDERED that the Petitioner pay $1,000.00 as a bond by cash or surety.

IT IS FURTHER ORDERED that defendants QUEST COMMUNICATIONS, INC. COVISTA, INC., SPEWS, INC., SPAMHAUS.ORG, and SPAM COP.ORG, do show cause, on the 20th day of May, 2002 at 9:00 A.M, why there should not be judgment in favor of OPT-IN MARKETING SERVICES, INC., and against defendants, as follows:

A.   Ordering the issuance of preliminary writs of injunction in the form and substance of the above temporary restraining orders.

IT IS FURTHER ORDERED that the defendants be ordered to answer the discovery attached and marked Attachment "A" within 30 days of service.

Signed in New Orleans, Louisiana, on this 10th day of May _____.

2002.

_____
JUDGE

Please Serve:

CoVista, Inc. through the
Louisiana Long Arm Statute

Quest Communications, Inc. through the
Louisiana Long Arm Statute

TRUE COPY
_____
Deputy Clerk, Civil District Court
Parish of Orleans
State of LA

5-13-02   20___
Received  $1,000.00
MARK TURNER
to be deposited in Registry of Court.
Receipt No. 26852
D. Campbell
Clerk

4. What is the legal nature of the authority to blacklist claimed by Spam Cop.Org.
5. What is the legal nature of the authority to blacklist claimed by Spamhaus.
6. What is the legal nature of the authority to blacklist claimed by Spews.
7. Please indicate what state or federal law the petitioner has violated concerning its use of the internet.